# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JORGE ALBERTO LOPEZ RODRIGUEZ,<br>Defendants. | Criminal No. 17-22 (DRD) |

## UNITED STATES RESPONSE IN OPPOSITION TO DEFENSE MOTION REQUESTING ORDER (ECF 16).

TO THE HONORABLE COURT:

COMES NOW, the United States of America through the undersigned attorneys and to this Honorable Court very respectfully prays that the Court **deny** motion for an order to produce the totality of Defendant Lopez Rodriguez Alien file ("A-File"). [ECF #16] The United States submits the requested material does not fall under the required discovery of Rule 16 of the Federal Criminal Procedure. Further, the "entirety" of the A-File is not discoverable under *Brady,* or its progeny, as the Government is unaware of anything that may be favorable to an accused, or is otherwise material as to either Guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). While the prosecution is not provided the "entirety" of any defendants "A-File," a careful examination of the prosecutions files has been conducted at the time of this motion and it has not yielded any material subject to Discovery that has not already been disclosed. The Government has already provided the immigration judges order of removal.

Facts

1. Defendant was indicted by a Federal Grand Jury on January 18, 2017 for violation of Title 8, United States Code, Section 1326(a)(2) – Illegal Re-Entry of an Alien.

2. As of January 23, 2017 the Government has provided discovery to this Defendant.

3. The removal documents, which have been provided in discovery, include the complete set of Immigration Forms that relate to Defendant removal. These were all retrieved

from the Defendant's A-File. Specifically, in this case the following documents were disclosed to the Defense:

| Document | Description |
|---|---|
| Honduran passport | Honduran passport number EXXXXXX813 issued under the name of LOPEZ RODRIGUEZ, Jorge Alberto, bearing his photo. |
| Order of Removal | ORDER OF THE REMOVAL issued on behalf of the DEFENDANT by the Immigration Judge on March 02, 2004. |
| Form 1-294 | WARNING TO ALIEN REMOVED or DEPORTED, form 1-294 issued on May 01, 2004. |
| Form 1-205 | WARRANT OF REMOVAL AND DEPORTATION, form 1-205 issued May 01, 2004 at Houston, TX Said form also containing departure record of December 17, 2007, photo and signature of the DEFENDANT |
| Form 1-871 | NOTICE OF INTENT/DECISION TO REINSTATE PRIOR ORDER form 1-871 from March 02, 2004 issued on September 02, 2010 on behalf of DEFENDANT. |
| Form 1-294 | WARNINGS OF PENALTY FOR RE-ENTRY WITHOUT PERMISSION, Form 1-294 issued on December 10, 2010 |
| Form 1-205 | WARRANT OF DEPORTATION; Form 1-205, issued on behalf of the DEFENDANT, dated December 14, 2010. Said form also containing departure record of December 19, 2010 photo and signature of the DEFENDANT |
| Form 1-214 | WARNING OF RIGHTS, Form 1-214 signed by defendant on January 03, 2017 |
| Boarding Board | BOARDING PASS from South West Airlines issued under the name of DEFENDANT, traveling on flight 286 to Ft. Lauderdale, FL. |
| Certification | CERTIFICATION OF NON-EXISTENCE OF RECORD FOR THE FILING OF AN APPLICATION FOR PERMISSION TO RE-ENTER THE UNITED STATES AFTER DEPORTATION. Said form issued on behalf of the DEFENDANT (To be provided by Agent). |
| Report of Investigation | Report of Investigation U.S. Department of Homeland Security and U.S. Customs and Border Protection |

Argument

Rule 16 of the Federal Rules of Criminal Procedure addresses discovery in federal criminal trials. Under Rule 16(a)(1)(C), the government, upon request, must permit the accused to inspect and copy or photograph books, papers, documents, or copies or portions thereof, which are within the possession, custody, or control of the government, if the items requested (1) are material to the preparation of a defense; (2) are intended as evidence-in-chief at the trial; or (3) were obtained from or belong to the accused.

"Materiality" within the meaning of Rule 16(a)(1)(C) has been said to be more than that the evidence in question bears some abstract logical relationship to the issues in the case, but rather that there is some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor. *See United States v. Santana*, 83 F. Supp.2d. 224, 232 (D.P.R. 1999) *citing United States v. Marshall*, 532 F.2d 1279, 1285 (9th Cir. 1976); *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).

In addition, under *Brady*, the suppression by the prosecution of requested evidence that is favorable to an accused violates due process where the evidence is material either to guilt or to punishment. *Brady,* 373 U.S. at 87. *Brady* and its progeny do not entitle a defendant to unlimited discovery of everything known by the prosecution, but they do impose a duty on the prosecutor to volunteer exculpatory matter to the defense. *Id*. Further, if there is a request for such information, a careful check of the prosecution's files is required. *See., e.g., United States v. Keogh*, 391 F.2d 138, 147 (2d Cir. 1968).

Here, the motion filed by Lopez Rodriguez indicates that, despite a statute expressly limiting collateral attacks on underlying immigration orders, Title 8, United States Code, Section 1326(d), he may wish to collaterally attack the underlying orders which he has been provided in discovery. Seemingly, by Defense motion he seeks the "entire A-file" to bolster his argument for collateral attack.

Notably, the Defense, in his motion, ignores the standards set for by Rule 16 and *Brady*. In fact, neither Rule 16 nor *Brady* are cited in Defense motion. Incident to this is a failure to demonstrate any reason to believe that any document contained in the A-File, not already disclosed, would be "material". In making this grand conclusion, the Defense fails to state *why* the entire "A-file" would be material. In other words, what specifically is he looking for that would bolster his argument in collateral attack? Further, the Defense sets forth no evidence in support of his motion; instead, only broad conclusory statements.

Accordingly, the Defense's motion, which lacks specificity, is a mere fishing exhibition. It does not indicate why anything in the A-File may be material. The United States has provided everything it intends to use at trial, and everything subject to disclosure under *Brady*. As illustrated above, the United States has provided a wealth of documents. This includes everything that it has identified that relates to the validity of the removal orders in the subject case. A careful review of the files available has been conducted, and the Government is aware of its continuing discovery obligations.

**WHEREFORE**, the United States respectfully requests this Honorable Court **deny** the Defense Motions for Order to compel the A File.

**RESPECTFULLY SUBMITTED**, In San Juan, Puerto Rico, this 21st day of February, 2017.

**ROSA E. RODRIGUEZ-VELEZ**
United States Attorney

***/s/ Evelyn Canals***
USDC-PR No. 207107
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
Tel. 787-766-5656
Email: evelyn.canals@usdoj.gov

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        ***/s/ Evelyn Canals***
                                        USDC-PR No. 207107
                                        Assistant United States Attorney