UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    PLAINTIFF,

v.

JORGE ALBERTO LOPEZ-RODRIGUEZ,
    DEFENDANT.

CASE NO.:17-22 (DRD)

## REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE MOTION REQUESTING ORDER (DE No.: 19)

Jorge Alberto Lopez-Rodriguez ("Mr. Lopez-Rodriguez"), through undersigned counsel, and in reply to the United States' response in opposition to defense motion requesting order (DE No.: 19), informs this Court that contrary to the government's claim, counsel for Mr. Lopez-Rodriguez has informed the government of the specific reasons he needs access to the Alien File. In support thereof, Mr. Lopez-Rodriguez states:

1) Pursuant to 8 U.S.C. § 1326(d)(1-3), and the Fifth Amendment of the U.S. Constitution, Mr. Lopez-Rodriguez has the right to collaterally attack the validity of the underlying deportation and/or removal order the government will use as the predicate removal of the offense charged.

2) Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i-iii) Mr. Lopez-Rodriguez is entitled to his Alien File.

**Mr. Lopez-Rodriguez is entitled to his Alien File pursuant to 8 U.S.C. § 1326(d)(1-3)**

To convict Mr. Lopez-Rodriguez of illegal re-entry under 8 U.S.C. § 1326, the government must show, beyond a reasonable doubt, that he was found in the United States after having been deported or ordered removed. An essential element of this offense is a valid

removal from the United States. If the underlying deportation order is invalid, it cannot serve as the predicate removal to the offense charged. Presumably, the government will attempt to prove that a valid deportation or removal order exists by introducing into evidence a 2004 deportation order.

Mr. Lopez-Rodriguez's right to collaterally attack the underlying deportation stems from case law and statute. *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987) ("If the statute envisions that a court may impose a criminal penalty for reentry after *any* deportation, regardless of how violative of the rights of the alien the deportation proceeding may have been, the statute does not comport with the constitutional requirements of due process."); *United States v. Luna*, 436 F.3d 312, 317 (1st Cir. 2006). In *Mendoza-Lopez*, the Court held that an immigration judge's failure to advise an alien of eligibility to apply for suspension of deportation rendered his waiver of the right to appeal not considered or intelligent, depriving him of review of the deportation proceedings. *Mendoza-Lopez*, 481 U.S. at 840. The Court explained that if a deportation proceeding deprives an alien of judicial review it cannot serve as a predicate element in a Section 1326 prosecution. *Id.*

Section 1326(d), codified in response to the Supreme Court's holding in *Mendoza-Lopez*, serves as a gate-keeper to collateral attacks on the validity of removal orders. *See Luna*, 436 F.3d at 317. Under the statute, to sustain a collateral attack a defendant must demonstrate that (1) he exhausted any administrative remedies available to seek relief against the removal order, (2) the immigration court proceedings improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d).

Counsel for Mr. Lopez-Rodriguez has informed the government, on numerous occasions, that the copy of the 2004 Deportation Order turned over in discovery is illegible.

*(Exhibit A).* According to the government's discovery, Mr. Lopez-Rodriguez was ordered removed "in absentia" in 2004 and was physically removed in 2007. The illegible 2004 deportation order, coupled with being ordered removed "in absentia," lends itself to questions about what efforts were made by Mr. Lopez-Rodriguez to obtain lawful status, what the results were, and whether the 2004 deportation order comported with due process.

To provide Mr. Lopez-Rodriguez with effective assistance of counsel, as required by the 6th Amendment of the U.S. Constitution, counsel for Mr. Lopez-Rodriguez must be granted access to the Alien File so he may investigate the underlying deportation and the due process afforded to Mr. Lopez-Rodriguez by the immigration court.

## Mr. Lopez is entitled to his Alien File pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i-iii)

Mr. Lopez-Rodriguez is also entitled to his Alien File pursuant to the federal rules of discovery. Specifically, FRCP 16(a)(E)(i-iii) provides, in part, that upon the defendant's request, the government must permit him to inspect and to copy any item within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

As this Court knows, Alien Files are files identified by an individual's Alien Registration Number, a unique personal identifier assigned to non-citizens. It typically contains the official files related to immigration status, citizenship, or relief, and includes both documents submitted by the non-citizen and any investigations, statements, correspondence, and memoranda created by the agencies. This information is material to Mr. Lopez-Rodriguez's ability to prepare a collateral attack on the underlying deportation. These

3

documents will show whether the immigration court afforded Mr. Lopez-Rodriguez with due process and whether he could exhaust all legal remedies. Moreover, the government will surely use at least some items in the Alien File in its case-in-chief.

Finally, many documents contained in the Alien File were obtained from, or sent to, Mr. Lopez-Rodriguez. Counsel for Mr. Lopez-Rodrigues has informed the government, on numerous occasions, that since 2004 Mr. Lopez-Rodriguez has made numerous attempts at obtaining lawful status in the United States, and any documents submitted on Mr. Lopez-Rodriguez's behalf, or sent to Mr. Lopez-Rodriguez, in his efforts to obtain said status, are also discoverable.

Despite the government's claim to the contrary, it is aware of the specific reasons Mr. Lopez-Rodriguez and his counsel seek access to the Alien File. On numerous occasions both in person and over the phone, counsel for Mr. Lopez-Rodriguez has explained to the government that, beginning in 2004, Mr. Lopez-Rodriguez made numerous efforts to challenge the 2004 deportation order and obtain lawful status.

Access to Mr. Lopez-Rodriguez's Alien File would allow his counsel to learn what efforts Mr. Lopez-Rodriguez made to challenge the 2004 deportation order and obtain lawful status, what the results were, and whether the immigration court actually afforded Mr. Lopez-Rodriguez due process under the law.

WHEREFORE, pursuant to Title 8 USC 1326(d), FRCP 16(a)(1)(E), and the foregoing, Mr. Lopez-Rodriguez respectfully requests this Court grant his Motion to Produce Alien File, filed on February 6, 2017. If, however, this Court is inclined to deny said motion, Mr. Lopez-Rodriguez respectfully requests he be granted a hearing on the motion before any ruling is made.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of February, 2017.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**

S/J<small>UAN</small> J. M<small>ICHELEN</small>
Juan J. Michelen,
Assistant Federal Public Defender,
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2305
Phone No. (787) 281-4922
Juan_Michelen@fd.org

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HOUSTON, TEXAS

IN THE MATTER OF:                               Date: March 2, 2004
RODRIGUEZ-RODRIGUEZ, JOSE ALBERTO
                                                File No: A97-618-722

RESPONDENT IN REMOVAL PROCEEDINGS               IN ABSENTIA

Jurisdiction was established in this matter by the filing of the Notice to Appear issued by the Immigration and Naturalization Service, with the Executive Office for Immigration Review and by service upon the respondent. See 8 C.F.R. sections 3.14(a), 103.5a.

The respondent was provided written notification of the time, date and location of the respondent's removal hearing. The respondent was also provided a written warning that failure to attend such removal hearing, for other than exceptional circumstances, would result in the issuance of an order of removal in the respondent's absence provided that removability was established. Despite the written notification provided, the respondent failed to appear at his/her hearing, and no exceptional circumstances were shown for his/her failure to appear. This hearing was, therefore, conducted in absentia pursuant to section 240(b)(5)(A) of the Immigration and Nationality Act.

[ ]  At a prior hearing the respondent admitted the factual allegations in the Notice to Appear and conceded removability. I find removability established as charged.

[X]  The Immigration and Naturalization Service submitted documentary evidence relating to the respondent which established the truth of the factual allegations contained in the Notice to Appear. I find removability established as charged.

I further find that the respondent's failure to appear and proceed with any application for relief from removal constitutes an abandonment of any pending applications and any applications the respondent may have been eligible to file. Those applications are deemed abandoned and denied for lack of prosecution. See Matter of Interiano, 19 I&N Dec. 652 (BIA 1988); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R, 20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to MEXICO or in the alternative to _____ on the charge(s) contained in the Notice to Appear.


JAMES M. BENTON
Immigration Judge

cc: Assistant District Counsel
    Attorney for Respondent/Respondent

JSB

EXHIBIT "B"

**DEFENSE EXHIBIT "A"**