UNITED STATES OF AMERICA,
      PLAINTIFF,

CASE NO.:17-22 (DRD)

v.

JORGE ALBERTO LOPEZ-RODRIGUEZ,
      DEFENDANT.

## **Motion to Dismiss Indictment Due to Unlawful Deportation**

Jorge Alberto Lopez-Rodriguez ("Mr. Lopez-Rodriguez"), through undersigned counsel, moves this Court to dismiss the indictment because his 2004 deportation was unlawful and thus cannot serve as the predicate to the offense charged.

### **Introduction**

When a civil defendant finds himself on the losing end of a case he may lose property or be forced to pay a fine. When a criminal defendant finds himself on the losing end of a case, however, he faces loss of liberty and in certain cases loss of life. Because the consequences associated criminal penalties are much graver, criminal defendants are afforded considerably more constitutional rights and protections than civil defendants. Therefore, when the outcome of a criminal case depends on the results of immigration court proceedings, the criminal court must reanalyze those results to ensure that the immigration court proceedings comported with due process afforded to criminal defendants.

On January 18, 2017, an indictment charged Mr. Lopez-Rodriguez with one count of illegal reentry in violation of 8 U.S.C. § 1326(a)(2). (Docket No. 11). An essential element of this offense is a valid removal from the United States. Because the underlying deportation order is invalid, as it fails to comport with the Fifth Amendment to the U.S. Constitution, it cannot serve as the predicate removal to the offense charged. Because there are no other removal orders the government can rely on in prosecuting Mr. Lopez-Rodriguez, the indictment should be dismissed.

**Statement of Facts**

Mr. Lopez-Rodriguez, a citizen of Honduras, was barely 20 years old when he decided to seek a better life in the United States. At 11 p.m. on September 27, 2003, after almost two months of walking and hitchhiking through Central America, he finally crossed onto American soil through Brownsville, Texas. Fifteen minutes later, he *turned himself in* to Customs and Border Patrol ("CBP") Agent Jose Berrones.[1] He, and 3 other migrants, were transported to the Brownsville Border Patrol Station for further processing.

At the station he was kept in a jail cell and repeatedly accused of being a gang member. In an attempt to intimidate him, CBP agents yelled at him and threatened indefinite jail time if he did not admit to being a gang member.

Finally, 12 hours later, a CBP agent threw a stack of papers at him and told him he had to sign them in order to be released. Sleep deprived, starved, and scared, he succumbed and signed the documents. He was finally released at around noon on September 28, 2003. The agents never explained the substance of the documents he signed; they never informed him of his right to voluntarily depart, they never told him he should hire an attorney, and they did not tell him the date of his upcoming Removal Hearing.

After his release, Mr. Lopez-Rodriguez made his way to Houston, Texas and stayed with his father at 59295 Gesber Rd. Houston, Texas, 77036. A few weeks later they both moved to Miami, Florida in hopes of finding stable employment.

In February of 2004, after settling in and finding a job, Mr. Lopez-Rodriguez hired Francisco Portillo, whom he believed was a licensed Florida attorney. He gave Francisco the documents he received at the border and asked him for help. Francisco Portillo charged him $400 dollars and told him he would file a "change of address" and would "get everything straightened out." Years later Mr. Lopez-Rodriguez learned that Francisco Portillo was not, in fact, an attorney and that the applications he filed on his behalf were useless and fraudulent.

In the summer of 2004 Francisco Portillo informed Mr. Lopez-Rodriguez that because he was Honduran he qualified for Temporary Protected Status ("TPS"). In

---

[1] *See Defense Exhibit 1:* Immigration form I-213, attached, "Four subjects to include Rodriguez-Maldonado, Jorge Alberto..... turned themselves in to the above named Border Patrol Agent at approximately 11:15 pm."

December of that year, Francisco Portillo once again called Mr. Lopez-Rodriguez and told he him needed to come to his office to sign the TPS application. On December 21, 2004, Mr. Lopez-Rodriguez went to Francisco Portillo's office located at 43 NW 27th Avenue, Miami, Florida 33125. He sat across from him and signed, as instructed by Francisco Portillo, a pre-filled I-821 TPS Application[2].

The TPS application was riddled with mistakes, errors, and outright lies, but there was no way Mr. Lopez-Rodriguez could know that. All he could do was trust that Francisco Portillo was doing what he was being paid for: to help Mr. Lopez-Rodriguez attain legal status. The mistakes and lies on the form, however, are very telling, and evidence that Mr. Lopez-Rodriguez was a victim of "Notario Fraud"[3]:

1) The document alleged Mr. Lopez-Rodriguez last entered the United States on December 23, 1998;

2) The document alleged that Mr. Lopez-Rodriguez did not have an Alien Number;

3) The document alleged that Mr. Lopez-Rodriguez had never been subject to immigration proceedings;

4) Mr. Lopez-Rodriguez's name was misspelled throughout the application: Francisco Portillo typed "Jorgue" instead of "Jorge";

5) The address listed for Mr. Lopez-Rodriguez was that of Francisco Portillo's business address.

After Mr. Lopez Rodriguez signed the form and paid another $400, Francisco Portillo told him he would let him know as soon as he received a response. Every few months Francisco Portillo followed up with Mr. Lopez-Rodriguez, and routinely demanded more money; always with a different pretext and explanation. Every time, Mr. Lopez-Rodriguez obliged and paid.

Francisco Portillo's most shameful act, however, was yet to come. As evidence by the date stamp on the TPS application, Francisco Portillo did not actually send

---

[2] *See Defense Exhibit 2, Form I-821, TPS Application.*
[3] The American Bar Association warns about the prevalence of "Notario Fraud" and notes that individuals who represent themselves as qualified to offer legal advice or services concerning immigration or other matters of law, and who have no such qualification, routinely victimize members of immigrant communities. *See* https://www.americanbar.org/groups/public_services/immigration/projects_initiatives/fight notariofraud/about_notario_fraud.html

the application when Mr. Lopez-Rodriguez signed it. Instead, he sent it on April 23, 2006; more than a year and four months after the date Mr. Lopez-Rodriguez executed it at his office.

Mr. Lopez-Rodriguez realized he had been scammed in November of 2007, when he was pulled over in Georgia for a traffic violation. Officers ran his name and determined he had been ordered deported in March of 2004. Mr. Lopez-Rodriguez was surprised, to say the least, and denied any such order; there had to be some kind of mistake. Unfortunately, it was not a mistake. Francisco Portillo never filed a "Change of Address," and never informed Mr. Lopez-Rodriguez of any court date. Mr. Lopez-Rodriguez had been taken advantage of by someone he believed was trying to help him. By the end of 2007 Mr. Lopez-Rodriguez was back in Honduras.

## Argument

### I.    Legal Standard

An individual charged with illegal re-entry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack the deportation proceeding that serves as a predicate to the offense. If a defendant succeeds in a collateral attack on the predicate deportation order, the indictment against him must be dismissed. *See United States v. Mendoza-Lopez,* 481 U.S. 828, 837 (1987).

The Supreme Court's holding in *Mendoza-Lopez* is rooted in the Due Process Clause of the Constitution: If 8 U.S.C. § 1326 "envisions that a court may impose a criminal penalty for reentry after *any* deportation, regardless of how violative of the rights of the alien the deportation proceedings may have been, the statute does not comport with constitutional requirements of due process." *Mendoza-Lopez* at 838 (emphasis in original).

In *Mendoza-Lopez*, the Court held that an immigration judge's failure to advise an alien of eligibility to apply for suspension of deportation rendered his waiver of the right to appeal not considered or intelligent, depriving him of review of the deportation proceedings. *Mendoza-Lopez*, 481 U.S. at 840. The Court explained that if a deportation proceeding deprives an alien of judicial review it cannot serve as a predicate element in a Section 1326 prosecution. *Id*.

After *Mendoza-Lopez*, Congress amended 8 U.S.C. § 1326 to explicitly provide for a three part test for when a defendant can collaterally challenge a prior

deportation in a prosecution under Section 1326. The amendment serves as **gate-keeper** to collateral attacks on the validity of removal orders. *United States v. Luna*, 436 F.3d 312, 317 (1st Cir. 2006).

Under the statute, to sustain a collateral attack a defendant must demonstrate that (1) he exhausted any administrative remedies available to seek relief against the removal order, (2) the immigration court proceedings improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). The final prong of § 1326(d) – fundamental fairness – requires two showings: (1) a procedural error in the deportation proceedings, and (2) prejudice. *Id.* at 319.

Mr. Lopez-Rodriguez's 2004 Order of Removal was marred by three fundamental errors: 1) he was deported in absentia without proper notice, 2) he was a victim of "Notario Fraud," and thus provided with ineffective assistance of counsel, and 3) the government failed to preserve an audible record of the removal hearing, in violation of its own regulations and of Due Process. As the result of these failures, Mr. Lopez-Rodriguez is exempt from the § 1326(d)'s exhaustion requirement and was effectively denied judicial review. Because the entry of the 2004 deportation order was fundamentally unfair, it cannot serve as the predicate removal in the current prosecution. As there are no other deportation orders the government can rely on, the indictment should be dismissed.

The first and second prongs of the three prong test are informed by the third, therefore the analysis below begins with the third prong, *i.e.,* that the entry of the order was fundamentally unfair.

**A. The entry of the Order of Removal against Mr. Lopez-Rodriguez was fundamentally unfair (8 U.S.C. § 1326(d)(3)).**

    **1. Mr. Lopez-Rodriguez was denied Due Process when he was deported in absentia without proper notice.**

At the time of Mr. Lopez-Rodriguez removal proceedings, the Department of Homeland Security ("DHS) was required to provide him with oral notice, either in his native language or in another language he understands, of the time and place of the proceedings and of the consequences of failing to appear. *See* 8 U.S.C. § 1229(a) (West 2003). ("Aliens facing deportation are entitled to due process under the Fifth Amendment to the United States Constitution, encompassing a full and fair hearing

and notice of that hearing.") *Dobrata v. INS,* 311F.3d1206, 1210 (9th Cir. 2002); *Farhoudv. JNS,* 122 F.3d 794, 796 (9th Cir. 1997).

Mr. Lopez-Rodriguez did not receive proper notice from the Department of Homeland Security and the English language Notice to Appear, Form I-862, is not sufficient. [4] The Certificate of Service section of the Notice to Appear states that Mr. Lopez-Rodriguez was provided "oral notice in the Spanish language at the time and place of his or her hearing..." This is not true; it never happened. The CBP agents' interactions with Mr. Lopez-Rodriguez were limited to intimidating and accusing him of being a gang member.

Even if proper service was effectuated in person by the handing of the Notice to Mr. Lopez-Rodriguez on September 28, 2003, records indicate that the immigration court later changed the time of the hearing and there is no indication that Mr. Lopez-Rodriguez was adequately noticed of the time change. [5] Third, Form I-877, Record of Sworn Statement in Administrative Proceedings, [6] states that Mr. Lopez-Rodriguez was ordered removed by an Immigration Judge on March 2, 2004, at a courthouse located at 600 Jefferson Street, Suite 900, Houston, Texas, 77002, not 2320 Le Branch Street, Room 2235, Houston, Texas 77004; the address listed on the Notice to Appear. Because Mr. Lopez-Rodriguez did not receive notice as to the hearing date and time, the deportation order entered in absentia violated his due process rights.

The evidence suggests that had Mr. Lopez-Rodriguez received proper notice he would have been present at the hearing: 1) he attempted to hire legal counsel in February of 2004, 2) he believed that speaking with the judge would present him a chance to attain legal status, and 3) on July 22, 2006, the only immigration appointment he ever received notice of, he voluntarily reported to a USCIS Office in Miami, Florida to have his biometrics and fingerprints processed[7]. The fact that no DHS officials ever mentioned that he had been ordered deported two years earlier, and that he was allowed to leave, only reinforced his belief that he was in compliance with U.S. immigration authorities.

---

[4] *See Defense Exhibit 3*: Form I-862, Notice To Appear, from September 28, 2003.
[5] *See Defense Exhibit 4,* Time Change Notice February 2004.
[6] *See Defense Exhibit 5.*
[7] *See Defense Exhibit 6, Form I-797, Notice of Action, ASC Appointment Notice.*

### 2. Mr. Lopez-Rodriguez was denied due process because he is a victim of "Notario Fraud," and thus received ineffective assistance of counsel.

Mr. Lopez-Rodriguez's due process rights were violated by Francisco Portillo's ineffective assistance of counsel. While there is no constitutional right to counsel in deportation proceedings, *See Castro-Nuno v. INS,* 577 F.2d 577, 578 (9th Cir. 1978), due process must be accorded. *See United States v. Barraza-Leon*, 575 F.2d 218, 220 (9th *Cir. 1978).* "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ramirez–Durazo v. INS,* 794 F.2d 491, 499–500 (9th Cir.1986) (quoting *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985))

Francisco Portillo defrauded Mr. Lopez-Rodriguez because he lied about being an attorney, filed fraudulent and untimely TPS applications, failed to alert Mr. Lopez-Rodriguez of upcoming hearing dates, and failed to file a change of address and change of venue request. Francisco Portillo's deficient representation adversely affected the outcome of the March 2, 2004 Removal Hearing because Mr. Lopez-Rodriguez was eligible for a voluntary departure, and possibly asylum, yet Francisco Portillo's ineffective assistance prevented him from attaining this relief.

### 3. Mr. Lopez Rodriguez was denied due process because the government failed to preserve a reviewable record of the removal hearing for judicial review, in violation of its own regulations and of Due Process.

If judicial review of the removal proceedings is precluded by the absence of the recording, the requirements of Due Process articulated by the Supreme Court in *Mendoza-Lopez* cannot be met. "Without a contemporaneous recording, the hearing lacks a key element of an adjudicatory proceeding: a means to preserve a record for later appellate review." *See U.S. v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001; *see also Cortes-Acosta v. I.N.S.,* 234 F.3d 476, 482 (9th Cir. 2000). The absence of a discernible recording clearly "alters the nature of judicial review." *Medina*, 236 F.3d at 1032.

Courts have recently found the government's failure to preserve the audio recording of a removal proceeding for appellate review is a due process violation. In *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), the court concluded, despite the agency's determination that production of the audio recording was not required, that Due Process mandated preservation and production of the audio record of bond proceedings in Immigration Court.

Under its own regulations, the government has an affirmative, mandatory obligation to keep a record of all of the removal proceedings, precisely for any later review, and this includes the audio recording of the proceedings. The regulations state in mandatory terms: "The hearing *shall* be recorded verbatim except for statements made off the record with the permission of the immigration judge." 8 C.F.R. § 1240.9 (emphasis added); *see also generally Lexecon Inc. v. Millberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("'[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion.'"); *Serv. Employees Int'l Union v. United States*, 598 F.3d 1110, 1113 (9th Cir. 2010) ("'The word 'shall' is ordinarily 'The language of command.'"). This command is stated not once but twice in the regulations, as it is also reiterated in 8 C.F.R. §1240.47.

In this case, even though he was not present at the March 2, 2004 removal proceeding, Mr. Lopez-Rodriguez was still entitled to due process. The hearing was conducted in absentia, yet the only record of the proceeding is the 2004 Order of Removal[8] which states that removability was established because, "The Immigration and Naturalization Services submitted documentary evidence relating to the respondent…" No such documentation has been provided, and no audible recording was preserved; which is both a violation of the government's own regulations and a violation of Due Process as established by case law.

At minimum, this failure must inure to the detriment of the government, and not to the detriment of Mr. Lopez-Rodriguez in the Court's evaluation of the record of the prior removal proceedings. *See id.*

### 4. Mr. Lopez-Rodriguez suffered prejudice as a result of these defects.

---

[8] *See Defense Exhibit 7*, 2004 Order of Removal.

To satisfy a showing of prejudice, an "alien does not have to show that he actually would have been granted relief. Instead, he must only show that there is a reasonable likelihood that he would have received relief from deportation." *See United States v. Luna,* at 312.

Numerous courts have found that aliens sufficiently proved prejudice on collateral attacks to prior deportations when they were denied their right to apply for voluntary departure. *See, e.g., United States v. Basulto-Pulido,* 219 Fed. Appx. 717, 719 (9th Cir. 2007); *United States v. Nungaray Rubalcaba,* 228 Fed. Appx. 436, 438 (9th Cir. 2007); *United States v. Alonza-Mendoza,* 239 Fed. Appx. 330 (9th Cir. 2007).

Here, Mr. Lopez-Rodriguez was never informed that he was eligible for a prehearing voluntary departure, pursuant to 8 U.S.C. § 1229(c)(l): he had the financial resources to finance his trip out of the United States via family and family friends, was not an aggravated felon and had not previously availed himself of voluntary departure. A grant of voluntary departure would have avoided the entry of the 2004 Order of Removal, and would have preserved his ability to return to the United States legally.

**B. Mr. Lopez-Rodriguez should be deemed exempt from the exhaustion bar because he never received notice of his deportation hearing and was a victim of "Notario Fraud". (8 U.S.C. § 1326(d)(1).**

Theoretically, a defendant can exhaust all available relief following a deportation order by appealing the decision to the Board of Immigration Appeals and filing habeas petitions. But more often than not, when courts consider § 1326(d)'s first two prongs — exhaustion and judicial review — they ask whether the waiver of the right to appeal was considered or intelligent. *See Mendoza-Lopez*, 481 U.S. at 840-842. As the Second Circuit explained,

> [A]n invalid waiver of the right to administrative exhaustion will often result from the same lack of understanding that renders a waiver of judicial review invalid. This was the case in *Mendoza-Lopez* itself, for example. There, the Court focused on the aliens' uninformed waivers of their rights to judicial review, but their misunderstanding as to the availability of Section 212(c) relief necessarily caused their waivers of administrative remedies to be invalid as well.

*United States v. Sosa*, 387 F.3d 131, 136 (2d Cir. 2004) (citing *Mendoza-Lopez*, 481 U.S. at 840).

If a defect in the immigration proceedings rendered the waiver unintelligent or not considered, an alien is denied judicial review and exempt from the exhaustion requirement. *Mendoza-Lopez*, 481 U.S. at 840; *Sosa*, 387 F.3d at 136.

In order to reconcile *Mendoza-Lopez*'s holding with § 1326(d)'s exhaustion requirement, circuit courts have read a constitutional exception into the statutory requirement — where the waiver of appeal was not considered or intelligent, due process requires exemption from the exhaustion requirement. *See, e.g., United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir. 2013) ("the IJ's error excuses the alien from the administrative exhaustion requirement of § 1326(d)(1), because we deem the alien's waiver of the right to an administrative appeal to have been insufficiently 'considered and intelligent.' ") (internal citations omitted); *Sosa*, 387 F.3d at 136; *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); *United States v. Martinez-Rocha*, 337 F.3d 566, 570 (6th Cir. 2003) (applying the due process exception to the exhaustion requirement and holding that district court did not "err in deciding that the waiver at issue here met those criteria[.]"). As the Ninth Circuit articulated in *Ubaldo-Figueroa*, "[t]he exhaustion requirement of 8 U.S.C. § 1326(d), however, cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." 364 F.3d at 1048 (internal citation omitted). Thus, a "waiver of the right to appeal a removal order does not comport with due process when it is not considered and intelligent." *Id*.

While the First Circuit has never explicitly applied an exception, it has indicated that there are circumstances where due process violations would neutralize § 1326(d) exhaustion requirement. *United States v. Soto-Mateo*, 799 F.3d 117, 121 (1st Cir. 2015), *cert. denied,* 136 S. Ct. 1236 (2016) ("Assuming without deciding that due process concerns sometimes may warrant an exception to the statutory exhaustion requirement, the appellant's case would not qualify for such an exception.").

District courts in the First Circuit have explicitly held that a failure to appeal "must be excused where the failure occurred as a result of a due process violation

and, thus, was not a knowing and intelligent waiver." *United States v. Boliero*, 923 F. Supp. 319, 327-328 (D. Mass. 2013). The District Court of Massachusetts explained, "[i]n cases where the alien failed to appeal a deportation order because of a violation of due process, preventing a collateral attack on this deportation order when it is an element of a criminal offense would constitute a further denial of due process." *Id.* at 328. The court reasoned that there must be an exception to the exhaustion requirement because § 1326(d) was meant to codify the constitutional principles announced in *Medoza-Lopez*. *Id.* at 326.

In fact, when *Boliero* was appealed, the First Circuit specifically held that when an attorney's ineffective assistance, in the context of a deportation proceeding, violates due process, a defendant's failure to exhaust administrative remedies is excused. *See U.S. v. Boliero*, 923 F.Supp.2d. 319 (1ˢᵗ Cir. 2013).

To comply with the constitutional principles announced by the *Mendoza-Lopez* Court, a constitutional exception must be read into § 1326(d)'s exhaustion requirement. As held by the Second, Ninth, and Sixth Circuit, and in accordance with persuasive dicta of the First Circuit, it follows that where a waiver is not considered or intelligent a defendant is exempt from the statute's exhaustion requirement.

Here, DHS did not provide Mr. Lopez-Rodriguez with oral notice, in a language which he understands, and when they did send written notice, the notice instructed Mr. Lopez-Rodriguez to report to a courthouse different from the one where the Removal Hearing was actually going to be held. *See Defense Exhibits 1, 3 and 6*.

Similarly, Francisco Portillo ineffective assistance had a direct consequence on Mr. Lopez-Rodriguez's ability to exhaust all remedies available to him.

## C. Mr. Lopez-Rodriguez was deprived of an opportunity for Judicial Review. (8 U.S.C. § 1326(d)(2).

Like the exemption analysis, when considering the second prong of § 1326(d) – judicial review – the relevant inquiry is whether an error in the immigration proceeding rendered the waiver of the right to appeal unintelligent or not considered. *Mendoza-Lopez*, 481 U.S. at 840-842 ("Because the waivers of their rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding."); *Luna*, 436 F.3d at 319 (explaining "[t]he Supreme Court held that an IJ's failure to adequately explain the availability of relief,

resulting in an uninformed waiver of the right to appeal, was an error that deprived the individuals in that case of their opportunity for judicial review.").[9] A defendant is functionally deprived of judicial review if a fundamental error in the immigration proceeding renders the waiver of the right to appeal unintelligent or not considered. *Mendoza-Lopez*, 481 U.S. at 840-842; *Luna*, 436 F.3d at 319.

Here, Mr. Lopez-Rodriguez was ordered removed in absentia, at a hearing he was never informed of. The lack of adequate notice of the date and time of his immigration hearing precluded him from presenting and arguing defenses to removal. Therefore, because Mr. Lopez-Rodriguez had neither the time nor the ability to exhaust his administrative remedies, he was also deprived of an opportunity for judicial review.

## Conclusion

Mr. Lopez-Rodriguez's 2004 Order of Removal violated the Fifth Amendment to the U.S. Constitution. Mr. Lopez-Rodriguez was not properly noticed of the 2004 Removal Hearing, he was the victim of "notario fraud," and the government failed to preserve a reviewable record of the 2004 Removal Hearing. The severity of these errors rendered any waivers of appeal invalid, denying Mr. Lopez-Rodriguez judicial review and exempting him from the exhaustion requirement. Each error, alone and together, deprived Mr. Lopez-Rodriguez of the due process guaranteed to him by the U.S. Constitution. Therefore, the 2004 removal order cannot serve as a predicate removal to the offense charged. Because all subsequent removals were reinstatements of the original 2004 order, the government does not have a valid removal order to rely upon in this Section 1326(a)(2) prosecution. As such, the indictment against Mr. Lopez-Rodriguez must be dismissed.

---

[9] The First Circuit has held on several occasions that "a defendant who deliberately and voluntarily waived his right to appeal a prior deportation order under the advice of counsel, is not deprived of meaningful judicial review and thus may not collaterally attack the deportation order during the § 1326 criminal proceedings." *United States v. Smith*, 36 F.3d 128, 130 (1st Cir. 1994); *United States v. Smith*, 14 F.3d 662, 665 (1st Cir. 1994); *United States v. Vieira-Candelario*, 6 F.3d 12, 15 (1st Cir. 1993). The First Circuit has not, however, specifically enumerated procedural errors that are so fundamental as to effectively deny an alien of judicial review.

Accordingly, Mr. Lopez-Rodriguez respectfully requests that this Honorable Court hear oral arguments on this motion and grant the relief requested.

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, July 12, 2017.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**

S/JUAN J. MICHELEN
Juan J. Michelen,
Assistant Federal Public Defender,
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR  00918-2305
Phone No. (787) 281-4922
Juan_Michelen@fd.org

# DEFENSE
# EXHIBIT
# 1

U.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex M | Hair BLK | Eyes BRO | Cmplxn DRK |
|---|---|---|---|---|---|---|---|
| RODRIGUEZ-Maldonado, Jorge Alberto | | | | Height 67 | Weight 125 | Occupation MECHANIC | |

| Country of Citizenship | Passport Number and Country of Issue | File Number | |
|---|---|---|---|
| HONDURAS | | Case No: BRP0309000483 A097 315 923 | |

Scars and Marks
**See Narrative**

| U.S. Address 59295 GESSNER RD. HOUSTON, TEXAS 77036 | | F.B.I. Number | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|

| Date, Place, Time, and Manner of Last Entry 09/27/2003, 2300, 1 mile(s) E of BRO, PWA MEXICO/AFOOT | Passenger Boarded at | Method of Location/Apprehension **PB 518.3** |
|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence BARRIO EL CENTRO TELA, ATLANTIDA HONDURAS | | At/Near Brownsville, Texas | Date/Hour 09/27/2003 2315 |
|---|---|---|---|

| Date of Birth 06/22/1983    Age: 20 | Date of Action 09/28/2003 | Location Code MCA/BRP | By JOSE G. BERRONES |
|---|---|---|---|

| City, Province (State) and Country of Birth TELA,ATLANTIDA, HONDURAS | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | Status at Entry PWA Mexico | Status When Found TRAVEL/SEEKING |
|---|---|---|---|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Length of Time Illegally in U.S. **AT ENTRY** |
|---|---|---|

| Date Visa Issued | Social Security Number | |
|---|---|---|

| Immigration Record See Narrative | Criminal Record None known | |
|---|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children 0, HONDURAN |
|---|---|

| Father's Name, Nationality, and Address, if Known  Nationality: HONDURAS RODRIGUEZ, Jorge Alberto 59295 GESSNER RD. HOUSTON, TEXAS 77036 | Mother's Present and Maiden Names, Nationality, and Address, if Known MALDONADO, Olga Lidia MALDONADO, Olga Lidia BARRIO EL CENTRO TELA, ATLANTIDA HONDURAS |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☐ No ☒ | INS Systems Checks See Narrative | Charge Code Word(s) I6A |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to / /    / / |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN #: 14139378

SCARS, MARKS AND TATTOOS
SCAR ARM, LEFT, NONSPECIFIC

MOTHER'S NATIONALITY
HONDURAS

FUNDS IN POSSESSION
80.00 X, U.S. - Dollar

INS SYSTEMS CHECKS
Central Index System Negative
Computer Linked Application Information Management System Negative
Deportable Alien Control System Negative
Interagency Border Inspection System Negative
National Automated Immigration Lookout System Negative
National Crime Information Center Negative
Non Immigrant Information System Negative
Students and Schools System Negative
IDENT Negative
Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by RODRIGUEZ

Exhibit 2

MAR 0 2 2004

Jimmie L. Benton
Immigration Judge

ROBERTO RODRIGUEZ
BORDER PATROL AGENT

Alien has been advised of communication privileges. _RLR 9/28/03_ (Date/Initials)    (Signature and Title of INS Official)

| Distribution: TO FILE MCA BRP | Received: (Subject and Documents) (Report of Interview) Officer: ROBERTO RODRIGUEZ on: September 28, 2003 at 0107 (time) Disposition: Notice to Appear Released (I-862) Examining Officer: JAMES SANDERLIN |
|---|---|

Form I-213(Rev.4/1/97)Y

| Alien's Name | File Number | Date |
|---|---|---|
| | Case No: BRP0309000483 | |
| RODRIGUEZ-Maldonado, Jorge Alberto | A097 315 923 | 09/28/2003 |

**ENTRY:**

Subjects RODRIGUEZ-Maldonado, Jorge Alberto (A97 315 923) and RODRIGUEZ-Maldonado, Jhonny Ovilson (A97 315 924) stated that they are citizens and nationals of Honduras, and that they entered the United States on September 27, 2003, near Brownsville, Texas without being inspected, admitted, or paroled by and Immigration officer; and at a place other than designated by the Attorney General of the United States.

**ARREST:**

On September 27, 2003 at approximately 11:00 PM, Border Patrol Agent Jose Berrones, was patrolling the border near Brownsville, Texas in the Zone 4/9 area.  Four subjects to include RODRIGUEZ-Maldonado, Jorge Alberto (A97 315 923) and RODRIGUEZ-Maldonado, Jhonny Ovilson (A97 315 924) turned themselves in to the above named Border Patrol Agent at approximately 11:15 PM.  Agent Berrones questioned the subjects, and identified himself as a Border Patrol Agent.  It was determined that both subjects were citizens and nationals of Honduras, and that they were in the United States illegally.  Agent Berrones read the subjects their rights as per service form I-826.  The two subjects were transported to the Brownsville Border Patrol Station for further processing.

**TRAVEL INFORMATION:**

Subjects left Honduras on August 7, 2003 by bus; subjects illegally entered Guatemala by circumventing the immigration checkpoint.  Subjects traveled through Guatemala by bus until entering Chiapas, Mexico from Guatemala illegally on August 14, 2003.  Subjects stated that they traveled through Mexico by bus.  They also stated that they do not recall the names of the cities they traveled through.  Subject did recall arriving in Matamoros on September 24, 2003, were they stayed until affecting an illegal entry into the United States yesterday September 27, 2003 at 11:00PM.

**RECORDS CHECKS:**
All Negative

**DISPOSTION:**

Due to lack of camp space for family units, subjects were issued an NTA.  Subjects were provided with all forms needed for an NTA, to include a list of free legal services.  Camp space was denied by SDEO Ramirez on September 28, 2003 at 12:40 PM.

Subject and his brother are enroute to Houston, Texas to reside with their father Jorge Alberto Rodriguez at 59295 Gesber Rd. Houston TX. 77036

Subject claims that he does not recall his father's phone number; therefore the address listed above was not confirmed.

| Signature | Title |
|---|---|
| ROBERTO RODRIGUEZ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

| Alien's Name | File Number | Date |
|---|---|---|
| RODRIGUEZ-Maldonado, Jorge Alberto | Case No: BRP0309000483<br>A097 315 923 | 09/28/2003 |

**WATCH LIST NEGATIVE.**

| Signature | Title |
|---|---|
| ROBERTO RODRIGUEZ | BORDER PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

# DEFENSE EXHIBIT 2

**Do Not Write In This Block.**

| Remarks  LIF | Action Stamp | |
|---|---|---|
| A# 94041102 | DENIED  U.S.  DEC 14 2004 | 05/31/2006  EAC-06-206-71346 EACNJS01  EAC-06-206-71346 |

Applicant is filing under §274a.12

☐ Application Approved. Employment Authorized / Extended (Circle One) _____ until _____ (Date).
_____ (Date).

Subject to the following conditions: _____

☒ Application Denied.
  ☑ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
  ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c)(14), (18) and 8 CFR 214.2(f)

| I am applying for: | ☒ Permission to accept employment. |
|---|---|
| | ☐ Replacement *(of lost employment authorization document).* |
| | ☐ Renewal of my permission to accept employment *(attach previous employment authorization document).* |

| 1. Name (Family Name in CAPS) (First)        (Middle) | 11. Have you ever before applied for employment authorization from INS? |
|---|---|
| LOPEZ-RODRIGUEZ   JORGUE      A | ☒ Yes (If yes, complete below)   ☐ No |
| 2. Other Names Used (Include Maiden Name) | **Which INS Office?**         Date(s) |
| NONE | MESQUITE TX |
| 3. Address in the United States (Number and Street) (Apt. Number) | Results (Granted or Denied - attach all documentation) |
| 43 NW 27 AVE | GRANTED |
| (Town or City)   (State/Country)   (ZIP Code) | 12. Date of Last Entry into the U.S. (Month/Day/Year) |
| MIAMI      FLORIDA      33125 | 12-23-1998 |
| 4. Country of Citizenship/Nationality | 13. Place of Last Entry into the U.S. |
| HONDURAS | BROWNSVILLE TX |
| 5. Place of Birth (Town or City) (State/Province) (Country) | 14. Manner of Last Entry (Visitor, Student, etc.) |
| TELA      ATLANTIDAD | EWI |
| 6. Date of Birth      7. Sex | 15. Current Immigration Status (Visitor, Student, etc.) |
| -06-23-1983    ☒ Male  ☐ Female | T.P.S |
| 8. Marital Status  ☒ Single  ☐ Married  ☐ Widowed  ☐ Divorced | 16. Go to Part 2 of the Instructions, Eligibility Categories. In the space below, place the letter and number of the category you selected from the instructions (For example, (a)(8), (c)(17)(iii), etc.). |
| 9. Social Security Number (Include all Numbers you have ever used) (if any) | Eligibility under 8 CFR 274a.12 |
| NONE | |
| 10. Alien Registration Number (A-Number) or I-94 Number (if any) | ( C ) ( 1 ) ( 9 ) |
| NONE 94041102 | |

**Certification.**

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking. I have read the Instructions in Part 2 and have identified the appropriate eligibility category in Block 16.

| Signature | Telephone Number | Date |
|---|---|---|
| Qwlwptwpw | 305-634-0577 | 12-21-04 |

**Signature of Person Preparing Form, If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| | | | |

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | |

Form I-765 (Rev. 5/09/02)Y

Scanned in PLAnet

OMB No. 1615-0043; Exp. 07/31/07

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

**I-821, Application for Temporary Protected Status**

APR 2 3 200

**START HERE – Please type or print in black ink.**

RECEIVED

CENTER DIRECTOR

FOR CIS USE ONLY

**Part 1. Type of application.** *(check one)*

a. [X] This is my first application to register for Temporary Protected State (TPS).
b. [ ] This is my application for re-registration or renewal of temporary treatment benefits. I have previously been granted TPS or temporary treatment benefits. I have maintained and continue to maintain eligibility for TPS.

ST. ALBANS VT 05479-0001

**Part 2. Information about you.**

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| LOPEZ-RODRIGUEZ | JORGUE | ALBERTO |

U.S. Mailing Address: (Street Number and Name)     Apt. #

43 NW 27 AVE

C/O: (In Care Of)

| Town/City | State |
|---|---|
| MIAMI | FLORIDA |

| County | Zip Code |
|---|---|
| DADE | 33125 |

| Date of Birth (mm/dd/yyyy) | Gender |
|---|---|
| 06-23-1983 | [X] Male   [ ] Female |

| Place of Birth (Town or City) | State/Country |
|---|---|
| TELA | ATLANTIDAD |

| Country of Residence | Country of Citizenship/Nationality |
|---|---|
| USA | HONDURAS |

Marital Status

[X] Single   [ ] Married   [ ] Divorce   [ ] Widowed

Other Names Used *(including maiden name)*

| NONE | NONE |
|---|---|

| Date of Entry Into the U.S. (mm/dd/yyyy) | Place of Entry Into the U.S. |
|---|---|
| 12-23-1998 | BROWNSVILLE TX |

Manner of Arrival *(Visitor, student, stowaway, without inspection, etc.)*

EWI

| Arrival/Departure Record (I-94) Number | Date authorized stay expired/or will expire, as shown on Form I-94 or I-95 (mm/dd/yyyy) |
|---|---|
| NONE | NONE |

Your Current Immigration Status:

| In Status (state nonimmigrant classification, e.g. F-1, etc.) | Out of Status (state nonimmigrant violation, e.g., overstay student, EWI etc.) |
|---|---|
| T.P.S | EWI |

| Alien Registration Number (A#) (if any) | Social Security Number (if any) |
|---|---|
| NONE 94 04 102 | NONE |

Are you now or have you ever been under immigration proceedings?

[ ] Yes    [X] No

If you answered "Yes" to the above question, provide the following information.

Type of proceedings:

[ ] Exclusion   [ ] Removal/Deportation   [ ] Recission   [ ] Judicial Proceedings

| Location of Proceedings | Date of Proceedings (mm/dd/yyyy) |
|---|---|
| | |

FOR CIS USE ONLY

| Returned | Receipt |
|---|---|
| Date | |
| Date | |
| Resubmitted | |
| Date | |
| Date | |
| Reloc Sent | |
| Date | |
| Date | |
| Reloc Rec'd | |
| Date | |
| Date | |

[ ] Applicant Interviewed on _____

Case ID #:   LIP

A #:   9404110v

Remarks

Action Block

DENIED

To Be Completed By Attorney or Representative, if any.

[ ] Fill in box if G-28 is attached to represent the applicant.

ATTY State License #

Form I-821 (Rev. 07/30/04)N (Prior versions may be used until 09/30/04)

## Part 3. Information about your spouse and children. *(if any)*

**1. Provide the following information about your spouse *(if married)*.**

| Last Name of Spouse | First Name | Middle Name |
|---|---|---|
| NOINE | NONE | NONE |

| Address (Street Number and Name) | | Apt # |
|---|---|---|
| | | |

| Town/City | State/Province | Country | Zip/Postal Code |
|---|---|---|---|
| | | | |

| Your Spouse's Birth Date *(mm/dd/yyyy)* | Date and Place of Present Marriage |
|---|---|
| | |

| Name of Prior Husbands/Wives | Date(s) Marriage(s) Ended *(mm/dd/yyyy)* |
|---|---|
| NONE | NONE |

**2. List the names, ages and current residence of children *(if any)*.**

| Name *(First/Middle/Last)* | Date of Birth *(mm/dd/yyyy)* | Residence |
|---|---|---|
| NONE | NONE | NONE |
| | | |
| | | |
| | | |

## Part 4. Eligibility standards.

**1. Provide the following information:**

I am a national of, or an alien having no nationality, who last habitually resided in the foreign state of:

> HONDURAS

I entered the United States on the following date (provide month/day/year), and have resided in the United States since that time.

> 12-23-1998

**2.** To be eligible for Temporary Protected Status, you must be admissible as an immigrant to the United States, with certain exceptions.

If any of the questions beginning below on this page and continuing on Page 3 apply to you, number which one(s) in the box(es): (for example, 2k for— Have you entered the United States as a stowaway;) and include a full explanation on a separate sheet(s) of paper. Use the number 2 before each letter referring to the specific question (2a, 2b, etc.).

If you were ever arrested, provide the disposition (outcome) of the arrest. For example, "case dismissed" from the appropriate authority.

**NOTE:** For information about waivers concerning the grounds of inadmissibility, see Page 3.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

**2a.** Have you been convicted of any felony or two or more misdemeanors committed in the United States;

**2b. (i)** Have you ordered, incited, assisted or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group or political opinion;

(ii) Have you been convicted by a final judgment of a particularly serious crime, constituting a danger to the community of the United States (an alien convicted of an aggravated felony is considered to have committed a particularly serious crime);

(iii) Have you committed a serious nonpolitical crime outside of the United States prior to your arrival in the United States; or

(iv) Have you engaged in or are you still engaged in activities that could be reasonable grounds for concluding that you are a danger to the security of the United States?    NOE



**2c.** (i) Have you been convicted of, or have you committed acts which constitute the essential elements of a crime (other than a purely political offense) or a violation of or a conspiracy to violate any law relating to a controlled substance as defined in Section 102 of the Controlled Substance Act;

(ii) Have you been convicted of two or more offenses (other than purely political offenses) for which the aggregate sentences to confinement actually imposed were five years or more;

(iii) Have you trafficked in or do you continue to traffic in any controlled substance or are or have been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking of any controlled substance;

(iv) Have you engaged or do you continue to engage solely, principally, or incidentally in any activity related to espionage or sabotage or violate any law involving the export of goods, technology, or sensitive information, any other unlawful activity, or any activity the purpose of which is in opposition, or the control, or overthrow of the government of the United States;

(v) Have you engaged in or do you continue to engage in terrorist activities;

(vi) Have you engaged in or do you continue to engage or plan to engage in activities in the United States that would have potentially serious adverse foreign policy consequences for the United States;

(vii) Have you been or do you continue to be a member of the Communist or other totalitarian party, except when membership was involuntary; and

(viii) Have you participated in Nazi persecution or genocide;

**2d.** Have you been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations, or been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action;

**2e.** Have you committed a serious criminal offense in the United States and asserted immunity from prosecution;

**2f.** Have you within the past ten years engaged in prostitution or procurement of prostitution or do you continue to engage in prostitution or procurement of prostitution;

**2g.** Have you been or do you intend to be involved in any other commercial vice;

**2h.** Have you been excluded and deported from the United States within the past year, or have you been deported or removed from the United States at government expense within the last five years (20 years if you have been convicted of an aggravated felony);

**2i.** Have you ever assisted any other person to enter the United States in violation of the law;

**2j.** (i) Do you have a communicable disease of public health significance.

(ii) Do you have or have you had a physical or mental disorder and behavior (or a history of behavior that is likely to recur) associated with the disorder which has posed or may pose a threat to the property, safety or welfare of yourself or others;

(iii) Are you now or have you been a drug abuser or drug addict;

**2k** Have you entered the United States as a stowaway;

**2l.** Are you subject to a final order for violation of section 274C (producing and/or using false documentation to unlawfully satisfy a requirement of the Immigration and Nationality Act);

**2m.** Do you practice polygamy;

**2n.** Were you the guardian of, and did you accompany another alien who was ordered excluded and deported (or removed) from the United States;

**2o.** Have you detained, retained, or withheld the custody of a child, having a lawful claim to United States citizenship, outside the United States from a United States citizen granted custody?

**NOTE ABOUT WAIVERS:** If you placed any of the following numbered references in the boxes on Page 2, you may be eligible for a waiver of the grounds described in the questions: 2c; 2f; 2g; 2h; 2i; 2j; 2k; 2l; 2m; 2n or 2o. The Form I-601 is the CIS application used to request a waiver. The form is available at local CIS offices, on our website at www.uscis.gov or by calling the CIS toll-free forms line at **1-800-870-3176.**   NONE



**2c.** (i) Have you been convicted of, or have you committed acts which constitute the essential elements of a crime (other than a purely political offense) or a violation of or a conspiracy to violate any law relating to a controlled substance as defined in Section 102 of the Controlled Substance Act;

(ii) Have you been convicted of two or more offenses (other than purely political offenses) for which the aggregate sentences to confinement actually imposed were five years or more;

(iii) Have you trafficked in or do you continue to traffic in any controlled substance or are or have been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking of any controlled substance;

(iv) Have you engaged or do you continue to engage solely, principally, or incidentally in any activity related to espionage or sabotage or violate any law involving the export of goods, technology, or sensitive information, any other unlawful activity, or any activity the purpose of which is in opposition, or the control, or overthrow of the government of the United States;

(v) Have you engaged in or do you continue to engage in terrorist activities;

(vi) Have you engaged in or do you continue to engage or plan to engage in activities in the United States that would have potentially serious adverse foreign policy consequences for the United States;

(vii) Have you been or do you continue to be a member of the Communist or other totalitarian party, except when membership was involuntary; and

(viii) Have you participated in Nazi persecution or genocide;

**2d.** Have you been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations, or been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action;

**2e.** Have you committed a serious criminal offense in the United States and asserted immunity from prosecution;

**2f.** Have you within the past ten years engaged in prostitution or procurement of prostitution or do you continue to engage in prostitution or procurement of prostitution;

**2g.** Have you been or do you intend to be involved in any other commercial vice;

**2h.** Have you been excluded and deported from the United States within the past year, or have you been deported or removed from the United States at government expense within the last five years (20 years if you have been convicted of an aggravated felony);

**2i.** Have you ever assisted any other person to enter the United States in violation of the law;

**2j.** (i) Do you have a communicable disease of public health significance.

(ii) Do you have or have you had a physical or mental disorder and behavior (or a history of behavior that is likely to recur) associated with the disorder which has posed or may pose a threat to the property, safety or welfare of yourself or others;

(iii) Are you now or have you been a drug abuser or drug addict;

**2k.** Have you entered the United States as a stowaway;

**2l.** Are you subject to a final order for violation of section 274C (producing and/or using false documentation to unlawfully satisfy a requirement of the Immigration and Nationality Act);

**2m.** Do you practice polygamy;

**2n.** Were you the guardian of, and did you accompany another alien who was ordered excluded and deported (or removed) from the United States;

**2o.** Have you detained, retained, or withheld the custody of a child, having a lawful claim to United States citizenship, outside the United States from a United States citizen granted custody?

**NOTE ABOUT WAIVERS:** If you placed any of the following numbered references in the boxes on Page 2, you may be eligible for a waiver of the grounds described in the questions: 2c; 2f; 2g; 2h; 2i; 2j; 2k; 2l; 2m; 2n or 2o. The Form I-601 is the CIS application used to request a waiver. The form is available at local CIS offices, on our website at www.uscis.gov or by calling the CIS toll-free forms line at **1-800-870-3176.**     NONE

**Part 5.** **Signature.** Re~~ad~~ information on penalties in the instructions before c~~ompleti~~ng this section. If someone helped you prepare this petition, he or she must complete Part 6.

Your certification: I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Copies of documents submitted are exact photocopies of unaltered original documents and I understand that I may be required to submit original documents to the CIS at a later date. Furthermore, I authorize the release of any information from my records that the Bureau of Citizenship and Immigration Services needs to determine eligibility for the benefit that I am seeking.

| Signature | Daytime Phone Number (Area/Country Code) | Date (mm/dd/yyyy) |
|---|---|---|
| *[signature]* | 305-634-0577 | 12-21-04 |

NOTE: If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit and this petition may be denied.

**Part 6.** **Signature of person preparing form, if other than above.**

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

Attorney or Representative: In the event of a Request for Evidence (RFE), may the CIS contact you by Fax or E-mail? ☐ Yes ☐ No

| Signature | Print Your Name | Date (mm/dd/yyyy) |
|---|---|---|
| | | |

**Firm Name and Address**

| Daytime Phone Number (Area/Country Code) | Fax Number (Area/Country Code) | E-mail Address |
|---|---|---|
| | | |

**Part 7.** **Checklist.**

☒ Did you answer each question?

☐ Did you sign the Form I-821 application?

☐ Did you submit the required application and biometric services (fingerprinting) fees?

☐ Did you submit the necessary documents and photos, if so required?

☐ Did you also submit the Form I-765 with the filing fee or a written request for a waiver of the filing fee (See instructions, items 10, 11 and 12)?

**Have you submitted:**

☐ The filing fee for this application or a written request for a waiver of the filing fee (see instructions, items 10 and 12)?

☐ Supporting evidence to prove identity, nationality, date of entry and residence?

☐ Other required supporting documents (photos, etc.) for each application?



DOMESTIC USE ONLY

**FOR PICKUP CALL 1-800-222-1811**

U.S. POSTAGE
MIAMI, FL
APR 20,'06
33135
$6.30
0000261150-10
AMOUNT

UNITED STATES POSTAL SERVICE®

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7002 3150 0003 7614 5727

www.usps.com

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE®

www.usps.com

From: JORGUE ALBERTO LOPEZ-R
43 NW 27 AVENUE MIAMI
FL 33125



TO: U.S. CIS DHS
P.O. BOX 6943 ATTN TPS
CHICAGO IL 60680-6943

Label 228  June 2004

▲ PLACE LABEL HERE ▲

*The efficient FLAT RATE ENVELOPE.*
*You don't have to weigh the envelope....Just pack all your correspondence and*
*documents inside and pay only the FLAT RATE Priority Mail postage.*
**We Deliver.**

**HOW TO USE:**



**1. COMPLETE ADDRESS LABEL AREA**
Type or print required return
address and addressee information
in customer block (white area)
or on label (if provided).



**2. PAYMENT METHOD**
Affix postage or meter strip to area
indicated in upper right hand corner.



**3. ATTACH LABEL (If provided)**
Remove label backing and adhere
over customer address block area
(white area).

# DEFENSE EXHIBIT

# 3

U. S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A097 315 923
Case No: BRP0309000483

In the Matter of:

Respondent: **Jorge Alberto RODRIGUEZ-Maldonado** _____ currently residing at:

**59295 GESBER RD.
HOUSTON TEXAS 77036**
_____

(Number, street, city state and ZIP code)               (Area code and phone number)

- ☐ 1. You are an arriving alien.
- ☒ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of HONDURAS and a citizen of HONDURAS;

3) You arrived in the United States at or near Brownsville, Texas, on or about September 27, 2003;

4) You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

- ☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

- ☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**2320 LaBranch Street Room 2235 Houston TEXAS US 77004**

(Complete Address of Immigration Court, Including Room Number, if any)

on **March 2, 2004**     at **10:00 a.m.**     to show why you should not be removed from the United States, based on the

(Date)               (Time)

charge(s) set forth above.

~~Original NTA to Immigration court on JAN 1 4 2004~~

**ERNESTO CASTILLO
SUPERVISORY BORDER PATROL AGENT**
(Signature and Title of Issuing Officer)

Date: **September 28, 2003**

**Brownsville, Texas**
(City and State)

### See reverse for important information

Form I-862 (Rev. 3/22/99)N

RODRIGUEZ-Maldonado, Jorge Alberto (A97 315 923) is traveling with his minor brother
RODRIGUEZ-Maldonado, Jhonny Ovilson (A97 315 924).

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on **September 28, 2003**, in the following manner and in
(Date)

compliance with section 239(a)(1)(F) of the Act:

Right Index

☒ in person ☐ by certified mail, return receipt requested ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the **Spanish** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x Jorge Alberto Rodriguez M
(Signature of Respondent if Personally Served)

ROBERTO RODRIGUEZ
BORDER PATROL AGENT
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

# DEFENSE EXHIBIT

# EXHIBIT

# 4

*Time Change*

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX   77004

RE:  RODRIGUEZ-MALDONADO,JORGE ALBERTO
FILE:  A97-315-923

DATE:  Feb 10, 2004

TO:       RODRIGUEZ-MALDONADO,JORGE ALBERTO
          59295 GESBER ROAD
          HOUSTON, TX  77036

Please take notice that the above captioned case has been scheduled for a
MASTER hearing before the Immigration Court on Mar 2, 2004 at  8:30 A.M. at:

          2320 LA BRANCH ST., RM 2235
          HOUSTON, TX  77004

You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:  (1) You may be taken into
custody by the Immigration and Naturalization Service and held for further
action. OR (2) Your hearing may be held in your absence under section 240(b)(5)
of the Immigration and Nationality Act.  An order of removal will be entered
against you if the Immigration and Naturalization Service established by
clear, unequivocal and convincing evidence that a) you or your attorney has
been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT
CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION
COURT HOUSTON, TX  THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
or 703-305-1662.  *YOU MUST BRING PHOTO IDENTIFICATION TO ENTER THE BUILDING.*

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [X] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP  [X] INS
DATE:   2/11/04     BY:  COURT STAFF   Cee                              V3
   Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

CEC

# DEFENSE EXHIBIT 5

Event Number: SAJ1701000001
File No: A 097 315 923

Office: Luis Munoz Marin Int'l Airport

Statement by: LOPEZ RODRIGUEZ, JORGE ALBERTO

In the case of: JORGE ALBERTO LOPEZ RODRIGUEZ

At: SAN JUAN, PR (SAJ)                                    Date: January 1, 2017

Before: MELBERT PEREZ; CBP OFFICER                 In the SPANISH                 language.
              (Name and Title)

Interpreter: N/A                          Interpreter employed by: N/A

I am an officer of the United States Department of Homeland Security, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. I desire to take your sworn statement regarding YOUR REQUEST TO ADMISSION INTO THE UNITED STATES

J·A L R

Q. Do you understand what I've said to you?
A. Yes, I do.

Q. Do you have any questions?
A. Not for now.

Q. Are you willing to answer my questions at this time?
A. Yes, I do.

Q. Do you feel comfortable in conducting this interview in the Spanish language?
A. Yes, Sir.

Q. Before we start do you know what perjury is?
A. No.

Q. Perjury is lying while under oath. Lying under oath is an offense punishable by Law. Do you understand?
A. Yes, Sir.

Q. Any statement you make must be given freely and voluntarily. Are you willing to answer my questions at this time?
A. Yes.

Q. Do you swear or affirm that all the statements you are about to make are true and complete?
A. Yes.

Q. Do you have any medical condition(s)?
A. No.

Q. Are you taking any medications at this moment?
A. No.

Q. What is your true and correct name?
A. Jorge Alberto LOPEZ RODRIGUEZ.

...(CONTINUED ON I-831)

Page 1 of 6                          Initials:_____                          I-877 (Rev. 08/01/07)

U.S. Department of Homeland Security

| Alien's Name<br>LOPEZ RODRIGUEZ, JORGE ALBERTO | File Number<br>SIGMA Event: 9329853<br>Event No: SAJ1701000001 | Date<br>January 1, 2017 |
|---|---|---|

Q. Have you ever used or been known to use any other names?
A. Only once. The first time that I got caught in 2003, I used the name Jorge RODRIGUEZ MALDONADO. I did that because "the coyotes" instructed me to do so. The reason that I did it was to help another person that was entering with me. That person was a minor and I was supposed to be his brother. By doing that, he should been released.


Q. What is your date of birth?
A. June 23, 1983.

Q. Have you ever used any other date of birth?
A. Yes. Only once. Also during that same time in 2003. I told the officers June 22, 1983.

Q. Why did you tell the officers that you were born in June 22, 1983 when your actual date of birth is June 23, 1983?
A. Because I was afraid.

Q. Where were you born?
A. In Honduras.

_JALR_

Q. Of what country are you a citizen?
A. From Honduras.

Q. What is your father's name?
A. Jorge Alberto LOPEZ GARCIA.

Q. Where was your father born?
A. In Honduras.

Q. What is your father's citizenship?
A. From Honduras.

Q. What is your mother's name?
A. Olga Lydia RODRIGUEZ MATUTE.

Q. Where was your mother born?
A. In Honduras.

Q. What is your mother's citizenship?
A. From Honduras.

Q. Do you have any immediate relatives in the United States?
A. Yes. I have one brother living in the US. I have several uncles.

Q. Are you married, if so what is your spouse citizenship?
A. Yes. My wife is an American citizen.

Q. What is her name?
A. Yaritza SERRANO BARRIOS.

Q. When did you married her?
A. I do not remember.
...(CONTINUED ON NEXT PAGE)

| Signature<br>MELBERT PEREZ | Title<br>CBP OFFICER |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

| Alien's Name | File Number | Date |
|---|---|---|
| LOPEZ RODRIGUEZ, JORGE ALBERTO | SIGMA Event: 9329853<br>Event No: SAJ1701000001 | January 1, 2017 |

Q. Do you have children?
A. Yes, I have a daughter.

Q. What is her citizenship?
A. From Honduras.

Q. Where is your daughter right now?
A. She is in Honduras.

Q. How old is your daughter?
A. She is thirteen years old.

Q. Do you have any petitions pending on your behalf with the Bureau of Citizenship and Immigration Services?
A. No.

Q. Have you or your parents ever been permanent residents of the United States?
A. No.

Q. Have your parents ever been or claimed to be citizens of the United States?
A. No.

Q. Do you make any claim to be a United States citizen?
A. No.

Q. Do you make any claim to be a resident of the United States?
A. No.

Q. Have you ever entered the United States illegally?
A. Yes.

Q. How many times?
A. Two times.

Q. How many times have you been removed from the United States?
A. Two Times.

Q. Our records show that you were apprehended on September 27, 2003 by the United States Border Patrol, is that correct?
A. Yes.

Q. Our records show that on September 28, 2003 you were issued a "Notice of Appear" where you were ordered to appear in front of an Immigration Judge on March 02, 2004 in 600 Jefferson Street Suite 900 Houston TEXAS US 77002 and to show why you should not be removed from the United States; is this correct?
A. Yes.

Q. Did you followed this instructions?
A. I requested assistance from some attorneys. I asked them to move my hearing to Florida.

Q. What happened on November 07, 2007?
A. I was stopped by the police in Georgia for Driving without license and I was deported on
... (CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| MELBERT PEREZ | CBP OFFICER |

Form I-831 Continuation Page (Rev. 08/01/07)

| Alien's Name<br>LOPEZ RODRIGUEZ, JORGE ALBERTO | File Number<br>SIGMA Event: 9329853<br>Event No: SAJ1701000001 | Date<br>January 1, 2017 |
|---|---|---|

December 2007 as I was told that I was illegal.

Q. Our records indicate that you were removed from the US on December 17, 2007, is this correct?
A. Yes.

Q. Our records indicate that the reason that you were removed in December 17, 2007 was because you did not appeared in front of an Immigration Judge on March 02, 2004 and it was determined by the Judge during that date that you were an Alien Present without Admission or Parole. That date was also ordered your removal. Is this correct?
A. Nobody informed anything that day. I requested to see a Judge and it was denied. I was offered a voluntary departure and I signed it.

Q. Were you continuously present in the United States from September 27, 2003 and until December 17, 2007?
A. Yes.

Q. Did you worked in the US during that period of time?
A. Yes.

Q. You mentioned early that you entered the United States illegally twice. When was the second time?
A. It was on December 2010.

Q. Our records show that you were apprehended on September 02, 2010 by the United States Border Patrol and removed from the United States on December 29, 2010. Is this correct?
A. Yes.

Q. During that occasion it was stated to you that you were charged as an Alien previously removed and you were removed as a reinstatement of the initial deportation order that was issued against you in 2004. Is this correct?
A. I requested asylum as I stated that I had fear to return to Honduras, but I later withdraw the request as I did not have any help. They told me I was deported as a reentry.

Q. At the time of the deportation were you given several documents?
A. Yes.

Q. Were you told during that time that you were prohibited to enter the United States for a period of 20 years?
A. The officer that interviewed me over the phone regarding my request for asylum told me that I was prohibited to reenter the US. She did not tell me for how long.

Q. You previously mentioned that you entered the US illegally two times. As you are currently present in the United States, did you entered illegally a third time?
A. Yes.                                                             *JALR*

Q. When, Where and How did you enter illegally to the United States?
A. I entered into the United States on January 17,2011 through Mcallen, Texas.

Q. During that entry through Texas, Did you requested admission to a Customs and Border Protection Officer and through a Customs and Border Protection designated port of entry?
A. No.
...(CONTINUED ON NEXT PAGE)

| Signature<br><br>MELBERT PEREZ | Title<br><br>CBP OFFICER |
|---|---|

| Alien's Name | File Number | Date |
|---|---|---|
| LOPEZ RODRIGUEZ, JORGE ALBERTO | SIGMA Event: 9329853<br>Event No: SAJ1701000001 | January 1, 2017 |

Q. How did you enter then?
A. I entered crossing the Rio Grande River.

Q. You previously mentioned that you knew that you had a prohibition to reenter the United States, is that correct?
A. Yes.

Q. Why did you reenter the United States on January 17, 2011 after being removed on December 29, 2010?
A. I was afraid to remain in Honduras. As soon as I arrived into Honduras, I took a bus back to Guatemala and with Mexico as my final destination. I was already told in 2010 by the people that were threatening to kill me in Honduras that I had to leave voluntary or they will kill me. Also I was told if I decided go to the Honduras police, my family will paid the consequences.

Q. Have you been continuously present in the US since January 17, 2011 until now?
A. Yes.

Q. Have you been working in the US since January 17, 2011?
A. Yes.

Q. Where is the location of your current employment?
A. I am working for Zarela in Hallandale Beach, FL.

Q. For how long have been working for Zarela and What are you duties and how much are you getting paid?
A. I have been working for them since November 2015. I am doing new construction finishes. I am getting paid $130 per day for eight hours of work.

Q. Do you have work permit, a work visa or/and an immigrant visa?
A. No.

Q. Where were you living while in the United States?
A. 2324 NE 136 terrace, North Miami, FL.

Q. What is your address in Honduras?
A. 864 barrio Zuyapa, 9 ave, Tela Antlantida, Honduras.

Q. When you were encountered by CBP Officers at the TSA Terminal A Checkpoint, Luis Munoz Marin International Airport, where were you traveling to?
A. To my home in Miami, FL.

Q. Why were you going to Miami?
A. I was going to Miami to finish the pending job assignments and to get my belongings to permanently relocate to Puerto Rico.

Q. On board what airline were you going to Miami?
A. Southwest.

Q. Have you been arrested for any other crime in any country?
A. Yes. Only once and just recently. I was found driving license in Miami. I paid an attorney to deal with the ticket.
...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| MELBERT PEREZ | CBP OFFICER |

| Alien's Name<br>LOPEZ RODRIGUEZ, JORGE ALBERTO | File Number<br>SIGMA Event: 9329853<br>Event No: SAJ1701000001 | Date<br>January 1, 2017 |
|---|---|---|

Q. LOPEZ RODRIGUEZ, Jorge Alberto you are inadmissible to the United States pursuant to Sections 212(a)(6)(A)(i) of the Immigration and Naturalization Act as an alien present without inspection, Section 212(a)(7)(A)(i)(I) of the INA as an immigrant not in possession of an immigrant visa, section 212(a)(9)(C)(i)(II), as an Alien Previously ordered Removed and Entered or Attempted to Enter without Being admitted, section 212(a)(9)(A)(ii) as an Alien Previously Removed other Than Arriving Alien and Section 212(a)(9)(B)(i)(II) as an Alien Unlawfully present in US One Year or More . Do you understand?
A. Yes.

Q. LOPEZ RODRIGUEZ, Jorge Alberto you are being processed for Reinstatement of Final Order of Deportation, you are being barred from entering the United States for 20 years starting today on January 01, 2017. Do you understand?
A. Yes.

Q. Why did you leave your country of last residence?
A. Because I was threatening with being killed.

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?
A. Yes.

Q. Would you be harmed if you are returned to your home country or country of last residence?
A. Yes.

Q. Do you have any questions or is there anything else you would like to add?
A. I will like to know where I am going to stay during the processing of my case.

END OF STATEMENT:

J A L R

| Signature<br>MELBERT PEREZ | Title<br>CBP OFFICER |
|---|---|

I have read (or have had read to me) the foregoing statement, consisting of _7_ pages. I state that the answers made therein by me are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my interrogation on the date indicated by the above-named officer of the Department of Homeland Security. I have initialed each page of this statement (and the correction(s) noted on page(s) _N/A_ ).


Signature _____

Subscribed and sworn to before me at  SAN JUAN, PR _____

_____ on  January 1, 2017 _____

MELBERT PEREZ
CBP OFFICER
_____
Officer, United States Department of Homeland Security

Witnessed by: _____
CARLOS FIGUEROA


## RECORD OF SWORN STATEMENT


UNITED STATES DEPARTMENT OF HOMELAND SECURITY
Form I-263A (Rev. 08/01/07)

# DEFENSE EXHIBIT

# EXHIBIT

# 6

Department of Homeland Security
U.S. Citizenship and Immigration Service

**I-797, Notice of Action**

# THE UNITED STATES OF AMERICA

## ASC Appointment Notice

| | APPLICATION NUMBER<br>EAC0620671346 | | | NOTICE DATE<br>7/7/2006 |
|---|---|---|---|---|
| CASE TYPE<br>I821 Application for Temporary Protected Status | SOCIAL SECURITY NUMBER | USCIS A#<br>A094041102 | | CODE<br>3 |
| | TCR | SERVICE CENTER<br>ESC | | PAGE<br>1 of 1 |

Jorge
JORGUE LOPEZ RODRIGUEZ
43 NW 27 AVE
MIAMI, FL 33125

BIOMETRICS PROCESSING STAMP

ASC SITE CODE: XMB
BIOMETRICS QA REVIEW BY:
ON JUL 2 2 2006
TENPRINTS QA REVIEW BY: JUL 2 2 2006
ON JUL 2 2 2006

To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.

**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS BISCAYNE<br>521 NE 81ST STREET<br>BAY 11<br>MIAMI, FL 33138 | 07/22/2006<br>11:00 AM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
**1. THIS APPOINTMENT NOTICE** and
**2. PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available: ☐ Wednesday afternoon ☐ Saturday afternoon

U. S. Citizenship & Immigration Services (USCIS) cannot guarantee the day preferred, but will do so to the extent possible. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the orginal with your request to USCIS BISCAYNE, 521 NE 81ST STREET, BAY 11, MIAMI, FL 33138

APPLICATION NUMBER 1
I821 - EAC0620671346

If you have any questions regarding this notice, please call 1-800-375-5283.

### WARNING!

*Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you.*

*If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

Form I-797 (Rev. 01/31/05) N

# DEFENSE EXHIBIT 7

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HOUSTON, TEXAS

IN THE MATTER OF:
RODRIGUEZ-MALDONADO,JORGE ALBERTO

DATE: Mar 2, 2004

CASE NO. A97-315-923

RESPONDENT IN REMOVAL PROCEEDINGS          DECISION

Jurisdiction was established in this matter by the filing of the Notice to
Appear issued by the Immigration and Naturalization Service, with the
Executive Office for Immigration Review and by service upon the
respondent. See 8 C.F.R. sections 3.14(a), 103.5a.

The respondent was provided written notification of the time, date and
location of the respondent's removal hearing. The respondent was also
provided a written warning that failure to attend this hearing, for other
than exceptional circumstances, would result in the issuance of an order of
removal in the respondent's absence provided that removability was established.
Despite the written notification provided, the respondent failed to appear
at his/her hearing, and no exceptional circumstances were shown for his/her
failure to appear. This hearing was, therefore, conducted in absentia pursuant
to section 240(b)(5)(A) of the Immigration and Nationality Act.

    [ ]  At a prior hearing the respondent admitted the factual allegations
        in the Notice to Appear and conceded removability. I find
        removability established as charged.

    [X]  The Immigration and Naturalization Service submitted documentary
        evidence relating to the respondent which established the truth
        of the factual allegations contained in the Notice to Appear. I
        find removability established as charged.

I further find that the respondent's failure to appear and proceed with
any applications for relief from removal constitutes an abandonment
of any pending applications and any applications the respondent may have
been eligible to file. Those applications are deemed abandoned and
denied for lack of prosecution. See Matter of Pearson, 13 I&N Dec. 152
(BIA 1969); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R,
20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to HONDURAS or in the
alternative to                                                    on the charge(s)
contained in the Notice to Appear.

JIMMIE LEE BENTON
Immigration Judge

cc: Assistant District Counsel
    Attorney for Respondent/Respondent                              Z1

BEN