SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 24 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIM. NO. 17-22 (DRD)

JORGE ALBERTO LOPEZ-RODRIGUEZ,
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, Jorge Alberto Lopez-Rodriguez, and the defendant's attorney, AFPD _Juan Michelen_, very respectfully state to this Honorable Court that they have reached an agreement (the "Plea Agreement"), the terms and conditions of which are as follows:

1. **DEFENDANT PLEADS GUILTY TO 8 U.S.C. § 1326(a)**

Defendant agrees to plead guilty to COUNT ONE of the Indictment, which charges that Defendant, being an alien who was previously removed from the United States, was found in the United States without obtaining, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, *United States Code*, Section 1326(a).

2. **MAXIMUM PENALTIES**

The maximum penalties for COUNT ONE include a term of imprisonment for no more than two (2) years, a term of supervised release of no more than one (1) year, and a fine not to exceed $250,000.00.

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

3. APPLICABILITY OF SENTENCING GUIDELINES

Pursuant to the decision of the Supreme Court of the United States in the case of *United States v. Booker* and *United States v. Fanfan*, the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. SPECIAL MONETARY ASSESSMENT

Defendant shall pay a special monetary assessment of one-hundred dollars ($100.00), as required by Title 18, *United States Code*, Section 3013(a).

5. FINES

Defendant is aware that the Court may order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.

6. RULE 11(c)(1)(B) WARNINGS

Defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which he pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are advisory, the sentencing court is required to consider the Guideline "sentencing range established for...the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *United States v. Booker*, 543 U.S. 220, 224 (2005). Therefore, after due consideration of the relevant factors enumerated in Title 18,

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

United States Code, Section 3553(a), the United States and Defendant submit the below advisory Sentencing Guideline calculations.

| 2016 UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE <COUNT ONE> 8 U.S.C. § 1326(a) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level [§ 2L1.2(a)] | Defendant unlawfully entered or remained in the U.S. illegally | | | | | | +8 |
| Adjustment [§3E1.1(a) & (b)] | Defendant clearly demonstrated acceptance of responsibility for his offense in a timely manner. | | | | | | -2 |
| TOTAL OFFENSE LEVEL | | | | | | | 6 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 06 | 000-006 | 001-007 | 002-008 | 006-012 | 009-015 | 012-018 |

8. **SENTENCING RECOMMENDATION**

The United States and Defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, *United States Code*, Section 3553, agree to recommend a sentence of time served, irrespective of the Defendant's criminal history category at the time of sentencing.

9. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if this Honorable Court accepts this Plea Agreement and imposes an imprisonment sentence of six (6) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. OBJECTIONS TO THE SENTENCING REPORT

Pursuant to Fed.R.Crim.P. 32(f)(1)&(2), the parties agree to state in writing any objections to the sentencing report within 14 days after its receipt.

## 12. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's adjusted offense level shall be sought by the parties.

## 13. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties make no stipulation as to Defendant's Criminal History Category.

## 14. IMPACT UPON IMMIGRATION STATUS

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States.

## 15. SATISFACTION WITH ATTORNEY

Defendant is satisfied with his counsel, AFPD _Joan Michelen_, and the Defendant hereby indicates that that counsel has rendered effective legal assistance.

## 16. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement, which include the following:

a) If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree;

b) If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt;

d) At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court;

e) At trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 17. STIPULATION OF FACTS

The parties agree that there is a sufficient basis in fact to support Defendant's guilty plea in this case. The parties further agree that the facts contained in the attached government's version of facts are true and correct, and that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 18. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## 19. ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

This document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

## 20. VOLUNTARINESS OF PLEA

Defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. No threats have been made against Defendant. Defendant is pleading guilty freely and voluntarily because Defendant is, in fact, guilty.

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

## 21. BREACH AND WAIVER

Defendant understands and agrees that if Defendant breaches the Plea Agreement, Defendant may be prosecuted and sentenced for all of the offenses that Defendant may have committed. Defendant agrees that if Defendant breaches this Plea Agreement, the government reserves the right to take whatever steps are necessary to nullify the Plea Agreement, including the filing of a motion to withdraw the Plea Agreement and/or set aside the conviction and sentence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

Defendant further agrees that if he is in breach of this Plea Agreement, Defendant is deemed to have also waived any objection to the filing of any additional charges against him.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
José Capo-Iriarte,
Assistant U.S. Attorney
Chief, Criminal Division
Date: 10/12/17

_____
Marshal D. Morgan,
Assistant U.S. Attorney
Chief, Crimes Against Children
and Human Trafficking Unit
Date: 10/12/17

_____
Jorge Alberto Lopez-Rodriguez,
Defendant
Date: 10\24\17

_____
Counsel for Defendant
Date: 10\24\17

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

I have consulted with my counsel and fully understand all my rights with respect to the indictment, information, or complaint pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 10\24\17

Jorge Alberto Lopez-Rodriguez,
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights with respect to the pending indictment, information, or complaint against Defendant. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 10\24\17

Counsel for Defendant

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary of facts which would have proven beyond a reasonable doubt Defendant's criminal responsibility for Defendant's violation of 8 U.S.C. § 1326(b)(1):

On January 1, 2017, at the Luis Muñoz Marin International Airport in Carolina, Puerto Rico, Defendant was found attempting to board Southwest Airways flight number 286, bound for Ft. Lauderdale, Florida. During an inspection conducted by U.S. Customs and Border Protection ("CBP") officers, Defendant claimed to be a citizen of Honduras. Defendant later admitted that he entered the United States without being inspected, admitted, or paroled on or about January 17, 2011, near McAllen, Texas. Thereafter, Defendant's fingerprints were taken, which revealed an identical match to FBI#XXXXXXCC6. Further investigation revealed that Defendant was issued a Notice to Alien Ordered Removed under Section 240 on March 2, 2004, and was physically removed from the United States on December 17, 2007. Additionally, Defendant's records revealed that on September 2, 2010 he was found in the United States by CBP for a second time, which resulted in Defendant receiving a Notice of Intent/Decision to Reinstate Prior Order. On December 19, 2010, Defendant was again removed to Honduras pursuant to a removal order.

Further record checks revealed that the Defendant did not have any immigration documents allowing him to enter and/or remain in the United States legally and was not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection. Furthermore, the Defendant does not have any pending petitions with the Bureau of Citizenship and Immigration Services.

U.S. v. Jorge Alberto Lopez-Rodriguez
Plea Agreement

Had the United States proceeded to trial, the Government would have presented testimony from law enforcement agents, testimony from an expert fingerprint analyst, the Defendant's statement, the Defendant's removal documents, and other documentary evidence. Discovery was provided to the defense in a timely manner.

_____
Marshal D. Morgan,
Assistant U.S. Attorney
Date: 10/12/17

_____
Jorge Alberto Lopez-Rodriguez,
Defendant
Date: _____

_____
Counsel for Defendant
Date: 10/24/17